UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ian Mobley, et al.,**

      **Plaintiffs,**      **Civil Action No. 10-10675**

      vs.      **District Court Judge Victoria A. Roberts**

**City of Detroit, et al.,**      **Magistrate Judge Mona K. Majzoub**

      **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS [51]

Before the Court is Plaintiffs' motion for sanctions. The court referred the matter to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for sanctions.

On March 18, 2010, Plaintiffs filed this civil rights case. (Dkt. 1.) Plaintiffs allege that the Detroit Police Department and its various officers violated their Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures. (*Id.*)

On July 22, 2010, Plaintiffs served their First Requests for Production of Documents and First Set of Interrogatories . (Dkt. 51, Exs. 1, 2.) Defendants provided written responses and objections on September 28, 2010. (Dkt. 51, Exs. 5, 6.) On January 6, 2011, Plaintiffs served their Second Requests for Production of Documents and Second Set of Interrogatories on Defendants. (Dkt. 51, Exs. 10, 11.) Defendants did not serve written responses and objections to those discovery requests.

On January 31, 2011, Plaintiffs filed a motion to compel Defendants to respond to Plaintiffs'

first requests, to extend remaining dates, and to award fees and costs. (Dkt. 35, Pls.' Mot. to Compel.) On February 11, 2011, the court held a telephone conference that resulted in an order granting Plaintiffs' motion to compel in part. (Dkt. 40, Discovery Order.) The court ordered Defendants to "produce full and complete responses no later than Tuesday, March 8, 2011." (*Id.*) The court further ordered Defendants to respond to the "[t]wo [i]nterrogatories and two requests for production recently served on [] Defendants . . . no later than Tuesday, March 1, 2011." The court denied Plaintiffs' request for fees and costs. (*Id.*) On March 28, 2011, Defendants served Supplemental Responses to Plaintiffs' Interrogatories and Document Requests. (Dkt. 51, Ex. 11.)

On April 27, 2011, Plaintiffs filed this motion for sanctions for failure to comply with the court's discovery order. (Dkt. 51.) Plaintiffs argue that Defendants violated the court's February 11, 2011 order by providing deficient responses to the First Requests for Production of Documents 1-3, 6-8, 10-17, and 22-23 and by failing to respond to the Second Set of Interrogatories and produce documents responsive to the Second Set of Requests for Production of Documents. In their response, Defendants admit that they did not comply with the court's February 11, 2011 Discovery Order. (Pls.' Mot. at 4, Defs.' Mot. at 3.) Defendants state in their response that any documents that Plaintiffs have requested that have not been produced "do not exist." (*Id.*) Defendants have not supplemented their discovery responses to date.

As sanctions for Defendants' noncompliance with the court's order, Plaintiffs move for entry of default judgment against Plaintiffs pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi). Plaintiffs also request an order directing that certain matters and designated facts be taken as

established for purposes of this action. Fed.R.Civ.P. 37(b)(2)(A)(i)[1]. Finally, Plaintiffs request costs and fees associated with filing this motion.

Federal Rule of Civil Procedure 37(b)(2)(A) permits the Court to impose sanctions against a party who fails to obey a discovery order. The Court additionally "must order" that the disobedient party pay the reasonable expenses, including attorneys' fees, caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

Here, the Court finds that Defendants violated the court's February 15, 2011 order by failing to produce documents and serve answers to interrogatories to Plaintiffs, or otherwise serve any type of response to Plaintiffs, as the order required. Defendants' justifications for their delay–the City of Detroit's bureaucracy and Defendants' participation in settlement negotiations–do not absolve Defendants from following the court's orders and the Federal Rules of Civil Procedure. Sanctions are therefore warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions is **GRANTED IN PART AND DENIED IN PART** as follows**:**

> A. On or before October 10, 2011, Defendants must serve on Plaintiffs supplemental written responses to Plaintiffs' First Requests for Production of Documents 1-3, 6-8, 10-17, and 22-23. Defendants must also produce all documents within their possession, custody, or control that are responsive to those requests, which they have not already produced. If Defendants have produced all responsive documents, they must state as much in their written responses and must provide Plaintiffs with a sworn declaration that after making reasonable effort Defendants cannot locate any

---

[1] The Court will not enter a default judgment against Defendants, for a default judgment "is a sanction of last resort." *Cashmere, Inc. v. Ming Xiong*, 08-11593, 2009 WL 2902804, at *2 (E.D.Mich. Sept. 9, 2009) (Steeh, J.) (citation omitted). The Court also will not establish any facts–the Court finds that that issue is more suited to a motion in limine. The Court therefore will deny the request to establish facts without prejudice.

      additional responsive documents within their possession, custody, or control.

B.     On or before October 10, 2011, Defendants must serve written responses without objection to each request made in Plaintiffs' Second Set of Interrogatories and Second Requests for Production of Documents.

C.     Defendants must produce all documents within their possession, custody, or control that are responsive to Plaintiffs' Second Request for Production of Documents by October 10, 2011. If Defendants have produced all responsive documents, they must state as much in their written response and provide Plaintiffs with a sworn declaration that after making reasonable effort Defendants cannot locate any additional documents within their possession, custody, or control that are responsive to Plaintiffs' Second Requests for Production of Documents.

D.     On or before October 24, 2011, Plaintiffs must submit a bill of costs detailing the reasonable expenses incurred in filing their motion for sanctions. Defendants may respond to Plaintiffs' bill of costs on or before November 11, 2011.

E.     In all other respects, Plaintiffs' motion is DENIED.

**Failure to comply with this order may result in additional sanctions being imposed against Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).**

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 23, 2011         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 23, 2011           s/Lisa Bartlett
                                              Case Manager