UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ian Mobley, et al.,**

        Plaintiffs,        Civil Action No. 10-10675

    vs.        **District Court Judge Victoria A. Roberts**

**City of Detroit, et al.,**        **Magistrate Judge Mona K. Majzoub**

        Defendants.
_____/

## ORDER OVERRULING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS [66]

Plaintiffs have filed this civil rights case alleging that the Detroit Police Department and various officers violated their Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures. (Dkt. 1).

On September 23, 2011 the Court entered an order granting in part and denying in part Plaintiffs' motion for sanctions. (Dkt. 57.) In that order, the Court granted Plaintiffs' request for monetary sanctions and directed Plaintiffs to file a bill of costs. (*Id.*) The Court awarded Plaintiffs the "reasonable expenses incurred in filing their motion for sanctions." (*Id.*)

Plaintiffs filed the bill of costs; Defendants objected. Those objections are now before the Court. (Dkt. 66.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 71.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1]

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

Defendants object to one category of hours expended in the bill of costs. (66.) Defendants argue that the 9.8 hours from March 30 to April 14, 2011 expended "reviewing disclosures [that Plaintiffs] would have reviewed as a matter of course during the litigation" do not fall under the Court's award of "reasonable expenses incurred in filing [Plaintiffs'] motion." (*Id.*) Defendants argue that Plaintiffs are "requesting the Court to penalize [] Defendants for making disclosures, because if no disclosures had been made, Plaintiffs would not have had to take the time to review them." (*Id.*)

Plaintiffs have filed a reply to Defendants' objection. (Dkt. 67.) Plaintiffs state that 9.8 hours were spent reviewing Defendants' disclosures following the Court's order compelling disclosures, noting noncompliance, and attempting to seek compliance with the Court's order. (*Id.*)

The Court has reviewed the time entries with which Defendants have taken issue. These time entries involve attorney Kathryn Bruner James's receipt and review of the Defendants' Second Supplemental Discovery and Responses to Requests for Production. (Pls.' Reply at 3.) Each of the contested entries notes that the time spent involved determining whether the discovery complied with the request or the motion for sanctions. (*Id.*)

While the Court agrees with Defendants that reviewing the disclosures would occur in the normal course of litigation, the Court disagrees that these time entries do not fall under the umbrella of time required to file the motion for sanctions. The Court finds that the noncompliance review was necessary preparatory work for the motion to compel. Given the time necessary to note noncompliance, the Court finds that the time expended was reasonable.

The Court therefore overrules Defendants' objections to Plaintiffs' bill of costs and orders compliance with the bill of costs within ten days of this order.

So ordered.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: June 4, 2012           s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 4, 2012           s/ Lisa C. Bartlett
                                      Case Manager