UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN MOBLEY, ET AL,

    Plaintiffs,

vs                                                     Case No: 10-10675
                                                         Honorable Victoria A. Roberts

CITY OF DETROIT, ET AL,

    Defendants.

_____

## OPINION AND ORDER DENYING MOTION TO CERTIFY (DOC. #117) BUT STAYING CASE

On December 14, 2012, this Court granted Defendants' motions for summary judgment with respect to excessive force, malicious prosecution and due process claims but denied it on Plaintiffs' 42 U.S.C. § 1983 unlawful arrest, search, and seizure of property claims..

Applying *Monell v. Dept. Of Social Services,* 436 U.S. 658 (1978), the Court held Defendant City of Detroit ("the City") has "a widespread practice, permanent and well settled, that constitutes a custom of: (1) detaining, searching, and prosecuting large groups of persons for "loitering in a place of illegal occupation" based on their *mere presence* at a blind pig, without probable cause; and (2) impounding all the cars that are driven to such places, based solely on the drivers' mere presence there." Trial is scheduled to proceed on the issue of damages against the City.

On December 18, 2012, the Individual Defendants filed their notice of appeal. They appeal the Court's denial of qualified immunity as a matter of right and the case is

1

stayed against them. On December 14, 2012, the City filed a motion to certify the decision under 28 U.S.C. § 1292(b) so that it might take an interlocutory appeal. The Court ordered briefing on the motion. It is fully briefed and ready for decision.

The City's motion is **DENIED**.

Section 1292(b) allows an interlocutory appeal from a district court's order when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion," provided that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The request for interlocutory appeal may be granted if the City can establish that: "(1) a controlling legal question is involved; (2) there is "substantial ground for 'difference of opinion' regarding it"; and (3) an immediate appeal would materially advance the litigation's ultimate termination." *Laborers' Pension Trust Fund - Detroit & Vicinity v. Rocwall Co.*, 2008 U.S. Dist. LEXIS 16722, *4-5 (E.D. Mich. 2008) (*quoting In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). Interlocutory appeals in the federal system are disfavored. *JP Morgan Chase Bank v. First Am. Title Ins. Co.*, Nos. 09-14891, 09-14915, 725 F.Supp.2d 619, 624, 2010 WL 2720911, at * 5 (E.D. Mich. July 8, 2010).

This is not an exceptional case and interlocutory review is not warranted. *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002)("[r]eview under § 1292(b) is granted sparingly and only in exceptional cases.").

The City says there is no *Monell* liability because there is no constitutional violation; therefore an interlocutory appeal should be granted. Plaintiffs respond that the City failed to establish a "controlling issue of law" over which there is "substantial

grounds for difference of opinion."

The City has not established the three criteria. There is a body of law which prohibits police from arresting individuals based on mere presence. *See Yabarra v. Illinois*, 444 U.S. 85 (1979). The City admitted that it was its practice to arrest everyone at a "blind pig" raid based on mere presence, not individualized probable cause.

Likewise, the City admitted that it was its policy to seize a person's vehicle under Michigan's nuisance abatement statute merely because the individual drove to a "blind pig," regardless of whether the individual knew the establishment operated illegally. The City argues that it is entitled to seize a vehicle even if there is no probable cause for an arrest. The Sixth Circuit has held that the U.S. Constitution and Michigan's nuisance abatement statute prohibit this kind of seizure. *See Alman v. Reed*, No. 10-2489, 2013 U.S. App. LEXIS 364 (6th Cir. 2013).

The Court agrees with Plaintiffs; there is no substantial grounds for difference of opinion.

However, the Court will, in its discretion, stay the proceedings against the City pending appeal. *See Stone v. INS*, 514 U.S. 386, 411 (1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)(the Court has "inherent power to stay proceedings" and 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants'").

It is within the Court's sound discretion whether to grant a stay of proceedings. *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). The "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the

order." *Id.*

Trial against the City of Detroit only, at this time, would thwart judicial economy by wasting the time and resources of both the Court and all parties involved. If the Court proceeded at this time, there is a possibility that it would conduct another trial later involving the police officers. If the Court were to issue a stay, there would only be one trial, at most.

Furthermore, the Individual Defendants appealed the Court's denial of qualified immunity. This issue is directly related to the City's liability.

The City's motion to certify that order under 28 U.S.C. § 1292(b) is **DENIED**. And, this case is stayed pending appeal by the individual officers.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 11, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 11, 2013.

S/Linda Vertriest
Deputy Clerk